UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SUKHDEV SINGH SIDHU,<br><br>　　　　　Defendant. | Case No. 3:21-CR-00049-RCJ-CSD<br><br>ORDER |

　　　　The United States Attorney's Office indicted Sukhdev Singh Sidhu ("Sidhu") on bank fraud charges and issued a Press Release articulating the specific charges. Sidhu now asks the Court to dismiss the indictment because he alleges that the government engaged in prejudicial conduct with the Press Release. For the reasons discussed below, the Court does not agree with Sidhu and denies the motion to dismiss the indictment.

**FACTUAL BACKGROUND**

　　　　On November 18, 2021, a grand jury returned an indictment against Sidhu, charging him with three counts of bank fraud and two counts of aggravated identity theft. (ECF No. 1). The indictment claims that Sidhu defrauded 11 financial institutions totaling $4.5 million. (*Id*.) the government then released a Press Release.

The government's Press Release explained that it charged Sidhu with bank fraud and stated that "Sidhu obtained at least $4.5 million [from] the banks."[1] Sidhu asks the Court to dismiss the grand jury's indictment because the government prejudiced him with the Press Release. (ECF No. 26). Sidhu claims that the government's use of the word "obtained" prejudiced him because local media outlets picked up the story and made the community believe that he committed the crime without holding a trial. Sidhu further claims that the jury pool is tainted because community members approached him and asked "about the $4.5 million he allegedly obtained from the banks." (ECF No. 26). According to Sidhu, because the government did not say "allegedly" in the Press Release sentence at issue, the government engaged in prosecutorial misconduct when it made a false statement about Sidhu and his case. (*Id*.) The government argues that its conduct did not amount to prosecutorial misconduct because it did not make a false statement in the Press Release. (*Id*.) Instead, the government alleges that the Press Release did nothing more than repeat the charges in the indictment. (*Id*.)

## LEGAL STANDARD

Courts can dismiss an indictment either (1) where the government's conduct is so outrageous that it violates the defendant's right to due process, or (2) under the Court's supervisory power if the conduct does not arise to a due process violation. *United States v. Barrera–Moreno*, 951 F.2d 1089, 1091 (9th Cir.1991) (citation omitted); *See United States v. Struckman*, 611 F.3d 560, 574 (9th Cir. 2010); *See also United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir.2008). "To violate due process, government conduct must be 'so grossly shocking and so outrageous as to violate the universal sense of justice." *Barrera-Mareno*, 951 F.2d at 102 (quotation omitted).

---

[1] Press Release, Department of Justice, Lake Tahoe Area Man Indicted For Committing $4.5 Million Bank Fraud Scheme And Identity Theft (Nov. 23, 2021), https://www.justice.gov/usao-nv/pr/lake-tahoe-area-man-indicted-committing-45-million-bank-fraud-scheme-and-identity-theft. [Hereinafter "Press Release, note 1"].

"[T]o dismiss an indictment on [supervisory power], a court must find that the prosecutorial misconduct was flagrant." *Struckman*, 611 F.3d at 576–77 (citation and quotation omitted). Even where improper governmental conduct exists, courts cannot dismiss an indictment where the improper conduct is accidental or merely negligent. *See United States v. Kearns*, 5 F.3d 1251, 1255 (9th Cir.1993) (holding that even though the government's conduct "may have been negligent, or even grossly negligent," it did not rise to the level of flagrant misconduct).

Additionally, the defendant must establish that the government's actions prejudiced the defendant before courts can exercise its supervisory powers to dismiss an indictment. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988). After courts acknowledge that those findings exist, courts may exercise their supervisory power to dismiss an indictment:

> "(1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct."

*Struckman*, 611 F.3d at 574-75 (citation and quotation omitted). However, courts cannot exercise their supervisory power to dismiss an indictment where a "lesser remedial action is available." *Barrera-Moreno*, 951 F.2d at 1092. Courts must tailor the remedy to the defendant's injury without unnecessarily infringing on competing interests. *United States v. Morrison*, 449 U.S. 361, 364 (1981). "Because it is a drastic step, dismissing an indictment is a disfavored remedy." *United States v. Rogers*, 751 F.2d 1074, 1076–77 (9th Cir.1985) (citation omitted).

## ANALYSIS

The government did not violate Sidhu's due process rights because it did not engage in shocking and outrageous conduct. Sidhu argues that the government violated his due process rights when it issued a Press Release that omitted the word "allegedly" from one sentence describing the amount Sidhu allegedly defrauded. Specifically, Sidhu argues that the government knowingly

made a false statement regarding Sidhu's conduct, which is shocking and outrageous conduct in violation of his due process rights. However, Sidhu's argument lacks merit and the Court will not dismiss the indictment.

Sidhu's claim that the government knowingly made a false statement in the Press Release is inconceivable when reading the entire Press Release. To start, the Press Release states, in big, bolded font: "Lake Tahoe Area Man **Indicted** For Committing $4.5 Million Bank Fraud Scheme And Identity Theft."[2] An indictment means that someone allegedly committed a crime, not that the government proved someone is guilty. The reader immediately knows that the government has not proven that Sidhu committed the crime. Reading further, the following sentence informs the reader that Sidhu "**allegedly** obtain[ed] $4.5 million through a bank fraud scheme." (emphasis added). Again, the reader is made aware that Sidhu allegedly obtained $4.5 million. Sidhu wants the Court to believe that, even after the first two sentences, the government led the reader to believe that Sidhu was walking around with $4.5 million that he fraudulently obtained. However, the Court will not fall victim to such a profoundly misguided argument. The government's Press Release did not prejudice Sidhu in any meaningful way and certainly did not violate his due process rights.

Additionally, Sidhu continues to repeat a line that does not align with the facts. Sidhu incorrectly claims that the government knew that Sidhu did not defraud banks of $4.5 million. Sidhu conveniently disregards that the grand jury returned this indictment and acts as if the government is on a witch hunt for Sidhu, his business, and his reputation in the community. In reality, the government issued a Press Release using almost the same language the indictment used. Sidhu may plead innocence to the charges, but he cannot claim that his alleged innocence makes the Press Release a false statement.

---

[2] Press Release, note 1.

Further, Sidhu omits portions of the press release that cut against his argument. Sidhu argues that the government used language insinuating that he was walking around with $4.5 million in his pocket, which caused people in his neighborhood to look at him with prejudice and to ask him about the crime. However, Sidhu fails to recognize that the following sentence states, "according to ***allegations*** in the indictment…" (emphasis added).[3] Again, no reasonable reader would read this sentence and believe that the government had already proven that he fraudulent obtained and currently possessed the money.

Regardless of the Press Release's semantics, community members are likely to discuss and inquire about its contents.[4] Sidhu asks this Court to believe that, after reading a press release, people are less likely to prejudicially view their neighbor and make an inquiry about its contents if the government had included a single word or phrase. Sidhu's argument does not persuade the Court.

Moreover, the statement Sidhu finds an issue with does not arise to the level of flagrant misconduct that would warrant dismissing the indictment under the Court's supervisory powers. Sidhu incorrectly argues that the Press Release violated the professional rules of conduct and DOJ's rules, amounting to flagrant misconduct. However, the Press Release complies with all rules that Sidhu cites. The professional rules of conduct prohibit prosecutors from making prejudicial statements about a pending case. The AUSA did not make prejudicial statements in the Press Release. Instead, these statements are more akin to police statements to keep those aware of possible dangers, which are permissible under the professional rules of conduct. Furthermore, the statements do not violate the DOJ's code of conduct because the statements are akin to police

---

[3] Press Release, note 1.

[4] Glenbrook, Nevada, is a vacation community with a population under 500 people. *See* U.S. Census Bureau Data for the 2020 Census. More than likely, people in such a small and intimate community would feel comfortable approaching a neighbor to discuss a potential fraud action.

statements.

The Court concludes that the Press Release statements did not substantially taint or create prejudice in the jury pool. As the government points out, the likelihood that community members will remember a one-off story from 2021 is minimal. Accordingly, Sidhu did not show that the government engaged in flagrant conduct. Therefore, the Court will not dismiss the indictment.

**CONCLUSION**

IT IS HEREBY ORDERED that Sidhu's Motion to Dismiss is DENIED. (ECF No. 26).

IT IS SO ORDERED.

Dated this 9th day of February, 2023

_____
ROBERT C. JONES
United States District Judge